**SOUTHEASTERN PROMOTIONS, LTD.,**
a New York Corporation, Plaintiff-
Appellant,

v.

**OKLAHOMA CITY, OKLAHOMA, an**
Oklahoma Municipal Corporation,
et al., Defendants-Appellees.

No. 72-1252.

United States Court of Appeals,
Tenth Circuit.

April 13, 1972.

Philip F. Horning, of Bulla & Horning, Oklahoma City, Okl., for plaintiff-appellant.

Roland Tague, Asst. Municipal Counselor, Oklahoma City, Okl. (Roy H. Semtner, Municipal Counselor, Oklahoma City, Okl., on brief), for defendants-appellees.

Before SETH, HOLLOWAY and DOYLE, Circuit Judges.

PER CURIAM.

Plaintiff-appellant seeks reversal of a judgment of the district court for the Western District of Oklahoma declaring that the City Council of Oklahoma City was justified in refusing to permit the presentation of the theatrical stage production of "Hair" at the Civic Center Music Hall in Oklahoma City, Oklahoma. The action in district court alleged jurisdiction based on 28 U.S.C. § 1343(3) and (4) and 42 U.S.C. §§ 1981 and 1983.

The judgment of the district court in essence was that the City of Oklahoma City, acting through its City Council, could validly refuse to extend its facilities to the appellant because in operating the auditorium it was acting as a proprietor. In effect, then, the court held that the decision was a proper exercise of business judgment. The court did not determine that the production was obscene, but did mention in passing some of its offensive aspects. These were brought out as added justification for the withholding of the facility on proprietary grounds. The substance of the court's determination is apparent from the following quote:

"I am not called upon herein to decide whether or not 'Hair' is obscene but in facing one of the issues with which the Court is confronted, i. e., whether the City Council acted arbitrarily and capriciously in refusing plaintiff the use of the Civic Center

Music Hall for this production, or otherwise stated, whether its (City Council's) action lacked a rational basis, I must make some reference to the script of the play which is before me as a part of the fact stipulations. Therein I find several mentions of sexual activity both natural and unnatural. * * * "

The judge went on to call attention to some offensive dialogue involving Abraham Lincoln, some mention of nude scenes and mention of the fact that the flag is treated disrespectfully as is one of the character's draft card. The court then concluded:

" * * * From these, and other parts of the play, I have no difficulty whatever in concluding that there was no abuse of discretion on the part of city officials in refusing to lease the civic center facility to plaintiff for the showing of 'Hair'. Such dialogue and depiction may violate contemporary community standards and ought not be mandatorily required."

In this court the City has jettisoned its contention that it could, in the exercise of its proprietary function as distinguished from governmental function, have refused to allow a play to be performed at the Music Hall. It now argues as does the appellee that the issue is whether the production is obscene. Thus, counsel on both sides would have us hold that the show is on the one hand obscene or, as contended by Southeastern, not obscene.

■ We agree that the cause was not susceptible to a valid decision on the basis that the City was within its rights as a proprietor in refusing the booking. We must hold that the judgment cannot be supported on such a ground. Southeastern Promotions, Ltd. v. City of West Palm Beach et al., 457 F.2d 1016 (5th Cir., 1972). The record shows that the Civic Center Music Hall in Oklahoma City is the Civic Auditorium and that road shows are booked there on a more or less regular basis. Thus, to grant the right to one production and to withhold

it from another in the name of proprietary judgment would be and is arbitrary in the absence of some rational proprietary reason. Here the true reason is that the play is allegedly morally offensive. This does not serve to bolster the proprietary ground, and the proprietary cloak does not hide the First Amendment issue. Moreover, it must be emphasized that the City is not a private proprietor; it is a public corporation. See Southeastern Promotions, Ltd. v. City of Charlotte, N. C., 333 F.Supp. 345 (W.D.N.Car.1971).

As noted above, both sides request that we determine the obscenity question, notwithstanding that the district court made neither findings nor conclusions on this subject. This we cannot do because, first, the record is grossly inadequate. The cause was tried on a stipulated record consisting for the most part of the libretto which is simply a blueprint used by the stage director. While there is material which some people would consider offensive within the covers of this document, it does not purport to be the entire script of the production. Indeed, we are told that it does not contain any of the detail. We would be unable to render a decision based on representative samples, and this is about what we would have to do.

■ A second difficulty is that the trial court did not make a finding or other determination on this obscenity question, and undoubtedly the judge of the district court was similarly handicapped. The decision process in an obscenity case is well settled. It must be carried out in accordance with the well recognized criteria prescribed by the Supreme Court in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and A Book Named "John Cleland's Memoirs of a Woman of Pleasure," et al. v. Attorney General of Commonwealth of Massachusetts, 383 U.S. 413, 415, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966). See also the Court's recent decision in Rabe v. Washington, 405 U.S. 313, 92 S.Ct. 993, 31 L.Ed.2d 258, 1972.

284

In *A Book, etc.* the Court described and delineated these criteria:

"We defined obscenity in *Roth* in the following terms: '[W]hether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest.' * * * Under this definition, as elaborated in subsequent cases, three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value. 383 U.S. at 418, 86 S.Ct. at 977."

In view of the deficiencies in the record, we are unable to carry out a meaningful review of the obscenity issue. As a court of review we are powerless to formulate a new decision on this subject. Therefore, we are unable to make a determination as to whether the subject matter is obscene. We limit our decision to the issue which is before us, and that is whether the trial court erred in holding that the City could, in the exercise of its proprietary function, withhold from the appellant the use of the music hall. We conclude that this judgment was erroneous. We express no opinions as to obscenity or, for that matter, wholesomeness of the production, and we express no opinions as to other state and local remedies which might exist, but which are not before us.

The judgment is reversed on this account, and the cause is remanded to the district court with directions to vacate its judgment and to enter a decree directing the defendants-appellees to make available its auditorium facilities to the appellant under the terms and conditions which are customarily included in such contracts and arrangements.

The Clerk is directed to issue the mandate forthwith.